**In re NORTHERN ENERGY PRODUCTS, a Minnesota Corporation, Debtor.**

**NORTHERN ENERGY PRODUCTS, INC., a Minnesota Corporation, Plaintiff,**

v.

**BETTER BUSINESS BUREAU OF MINNESOTA, INC., a Minnesota Corporation, Defendant.**

**Bankruptcy No. 3–80–1821.
Adv. No. 80–299.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 11, 1980.

---

**16.** *See In re Gilece*, 1 B.R. 762, 763 n.2 (Bkrtcy. E.D.Pa.1980).

Cass S. Weil, Wayzata, Minn., for plaintiff.

William L. Killion, Minneapolis, Minn., for defendant.

### ORDER DENYING INJUNCTION

JACOB DIM, Bankruptcy Judge.

Plaintiff, Northern Energy Products, Inc., filed a complaint and motion seeking a temporary restraining order and injunction against defendant, Better Business Bureau of Minnesota, Inc., under § 362 of the Bankruptcy Code, claiming that defendant was causing irreparable injury to plaintiff's business by mentioning when requested, that plaintiff had filed a Chapter 11 bankruptcy. In addition, plaintiff claimed that defendant's action was discrimination prohibited by § 525 of the Bankruptcy Code which provides that, with certain exceptions, a governmental unit may not discriminate against a debtor. The matter was heard by the undersigned, the Hon. Jacob Dim, Bankruptcy Judge on December 4, 1980.

Defendant, Better Business Bureau of Minnesota, Inc., gave the following report to those who sought it:

"Northern Energy Products, a home improvement firm, was established in June, 1976. Mr. Peter Kelly is the president. On file with BBB/Minnesota since April, 1977, Northern Energy Products has maintained a satisfactory business performance record to date. The firm has been the subject of occasional complaints primarily involving claims of unsatisfactory workmanship. The firm has satisfactorily resolved most complaints and has provided an explanation of its position in other cases.

On October 22, 1980, Northern Energy Products filed Chapter XI Bankruptcy (# 3–80–1821) with Bankruptcy Court in Saint Paul. Under the Chapter XI procedure, a company is protected from its creditors and is allowed to operate its business while it works out a plan for payment.

Please understand that a Bureau report is neither an endorsement nor a guarantee of satisfaction".

The above report made by defendant, Better Business Bureau of Minnesota, Inc., to those creditors and/or potential customers of plaintiff was a truthful report and a matter of public record. Defendant did not slander or libel plaintiff nor did it in any way derogate plaintiff to those who requested the report.

Therefore, plaintiff is not entitled to have defendant restrained from making or uttering the above report and is not entitled to an injunction under § 362 of the Code. If irreparable injury results to plaintiff's business reputation as a result of the truth, and if plaintiff's chance for a successful reorganization is jeopardized as a result of the truth, the same are unfortunate circumstances that are not enjoinable by this Court.

Further, defendant is a private corporation, and is not a governmental unit under § 525 of the Bankruptcy Code which protects a debtor against discriminatory treatment by a governmental unit, and said section is not applicable to Better Business Bureau of Minnesota.

It is not necessary for this Court to reach the constitutional question which could arise under the First Amendment relating to freedom of speech and freedom of the press.

The motion of plaintiff, Northern Energy Products, Inc., for a temporary restraining order against defendant, Better Business Bureau of Minnesota, Inc., is denied, and the companion complaint for an injunction is dismissed.