**In re Ernest William BARBEE, Jr., Debtor.**

**Ernest William BARBEE, Jr., Plaintiff,**

v.

**FIRST VIRGINIA BANK—COLONIAL, Defendant.**

Bankruptcy No. 80–01544.
Adv. No. 81–0021–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Oct. 15, 1981.

Leonard E. Starr, III, Farmer & Starr, Sandston, Va., for plaintiff.

G. Thomas Taylor, J. Stephen Buis, Taylor, Hazen, Kauffman, Lipscomb & Smith, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Complaint by Ernest William Barbee, Jr., Plaintiff and Debtor herein, and upon the filing of a Motion by First Virginia Bank—Colonial, Defendant herein, to dismiss Plaintiff's Complaint, for the reason that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 712 of the Bankruptcy Rules. Upon the filing of briefs in argument on the matter, the Court makes the following determination.

For the purpose of ruling on the Motion to Dismiss, the allegations of the Complaint have been construed in the light most favorable to the Plaintiff and its allegations have been taken as true. *Wright & Miller, Federal Practice & Procedure: Civil* § 1357. On October 3, 1980, Ernest William Barbee, Jr. (Barbee) filed a Voluntary Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code, and an order for relief was entered. At the time such relief was granted, Barbee was employed by First Virginia Bank—Colonial (Bank), as an adjuster in the collection department. Barbee had been so employed since August of 1975. On October 12, 1980, Barbee was given five days notice of his termination of employment from the Bank. The Bank's reason for terminating Barbee was based upon the filing of the Chapter 7 petition. Plaintiff's Complaint requests that this Court determine that the termination of Barbee by the Bank was in contravention of the Federal Bankruptcy Code and enter an order requiring reinstatement of Barbee to his prior position.

The issue for determination by this Court on the Motion is whether a private entity may terminate the employment of a debtor based solely upon the debtor's filing of a petition in bankruptcy. Prior to the enactment of the 1970 amendments to the Bankruptcy Act of 1898, discrimination by governmental and private entities against the bankrupt for filing a petition in bankruptcy was well documented. In *Reitz v. Mealey,* 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941), the Supreme Court considered and approved a New York law which provided for a suspension of one's driver's license and auto registration by reason of his or her non-payment of a judgment for injury resulting from the operation of a motor vehicle. The statute provided that a discharge of that debt or judgment in bankruptcy would not affect this suspension. *See also, Kesler v. Department of Public Safety,* 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962).

In 1970 an amendment to the Bankruptcy Act enjoined all creditors from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt. 11 U.S.C. § 32 (§ 14(f)(2) of the Bankruptcy Act.).

In 1971 the *Reitz* and *Kesler* cases were overruled by *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

In *Perez*, the Supreme Court held that a state may not refuse to renew the driver's license of a debtor whose tort judgment, resulting from an automobile collision, was discharged. The Court found that the financial responsibility statute was in conflict with the general policies supporting the Bankruptcy Act, one of which was Congress' intent to allow debtors a "fresh start" unhampered by pre-existing debts. *Perez*, 402 U.S. at 652, 91 S.Ct. at 1712.

In construing *Perez*, courts have distinguished between the discrimination practiced by governments and in those discriminatory actions practiced by the private sector. In *McLellan v. Mississippi Power & Light Company*, 545 F.2d 919, 929 (5th Cir. 1977) (*en banc*, vacating part 3 of the panel opinion, 526 F.2d 870 (1976)) the court refused to apply *Perez* to the private sector. "We find no law which restrains [a private employer] from firing an employee because he has filed a petition in voluntary bankruptcy." *See generally, Girardier v. Webster College*, 563 F.2d 1267, 1274 (8th Cir. 1977); *Handsome v. Rutgers University, the State University of New Jersey*, 445 F.Supp. 1362 (D. N.J. 1978). The court stated in *Girardier*, "the 1970 amendments did not serve to prohibit non-legal, informal means of inducing the debtor to make payment on or revive the discharged obligation . . .". *Girardier* at 1272.

Against this background, Congress in enacting the Bankruptcy Reform Act of 1978, considered several versions of an anti-discrimination section now enacted as 11 U.S.C. § 525. The Commission on the Bankruptcy Laws of the United States drafted one version [1] which, one may argue, would have applied to private as well as governmental discrimination against the debtor.

The version of 11 U.S.C. § 525 that was enacted, however, was limited to governmental units.[2] The legislative history accompanying 11 U.S.C. § 525 indicates that the section as enacted codifies the result in *Perez*. Further, it was stated that "[t]he section is not so broad as a comparable section proposed by the Bankruptcy Commission . . . which would have extended the prohibition to any discrimination, even by private parties." H.R.Rep.No.595, 95th Cong., 1st Sess. 366–7 (1977); S.R.No.989, 95th Cong., 2d Sess. 81 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

It is the opinion of this Court that Congress has considered the extension of the anti-discrimination section to private entities and rejected same as being overbroad. Other courts are in accord. In *In re Northern Energy Products*, 7 B.R. 473 (Bkrtcy. Minn.1980), the debtor sought a temporary restraining order under §§ 362 and 525 to enjoin a local Better Business Bureau from mentioning in its report that the debtor had filed a petition in bankruptcy under Chapter 11 for the reason that the report was causing irreparable harm to its business. The court, after denying the § 362 charge by the debtor, stated:

"Further, defendant is a private corporation, and is not a governmental unit un-

---

1. "*Section 4–508. Protection Against Discriminatory Treatment.* A person shall not be subjected to discriminatory treatment because he, or any person with whom he is or has been associated, is or has been a debtor or has failed to pay a debt discharged in a case under the Act. This action does not preclude consideration, where relevant, of factors other than those specified in the preceding sentence, such as present and prospective financial condition or managerial ability."

2. " . . . a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act." 11 U.S.C. § 525.

der § 525 of the Bankruptcy Code which protects a debtor against discriminatory treatment by a governmental unit, and said section is not applicable to Better Business Bureau of Minnesota." *In re Northern Energy Products,* at 474.

*See also, In re Coachlight Dinner Theatre of Nanuet, Inc.,* 8 B.R. 657 (Bkrtcy. S.D.N.Y.1981) ("The radio station is a private entity and cannot be regarded as a governmental unit under Code § 525, which affords protection against discriminatory treatment by a governmental unit."); *Contra, In re Terry,* 7 B.R. 880 (Bkrtcy. E.D.Va.1980) ("The courts of bankruptcy generally take a dim view of an employer firing an employee simply because he or she has filed a bankruptcy petition and the jurisdiction to enjoin this is widely accepted."); *In re Heath,* 3 B.R. 351, 353 (Bkrtcy.N.D.Ill.1980) at f.n. 1 ("As originally proposed by the Bankruptcy Commission ... the section would have been extended to action by private parties. As enacted, the statute is certainly no bar to court extension of the no discrimination rule to private parties or groups."); *Bell v. Citizens Fidelity Bank & Trust Company,* 636 F.2d 1119 (6th Cir. 1980) (The court held that summary judgment granted in the District Court was improperly granted where issues of material fact existed as to whether the employer discharged the plaintiff employee for filing a petition in bankruptcy and whether the policy of discharging employees who have filed petitions in bankruptcy have a discriminatory impact on blacks. *But see: Bell,* (Weick, J., dissenting)).[3]

For this Court to enjoin a private entity based upon § 525 would be judicial legislation in an area which Congress has specifically considered and defined.[4] Although this Court does not condone the action of the Bank in firing the Debtor, and, in fact, takes a dim view of the action, it does not believe that it has the power to enjoin the firing of an employee by a private entity for the reason that the employee/debtor has filed a petition in bankruptcy.

An appropriate order will issue.

---

**3.** One could argue that when Congress approved the statute as specifically precluding discrimination by government agencies, it did not intend to reverse any judicial trend to deny discriminatory treatment in the private sector. This is refuted by the legislative history as indicated, and it is an axiom of statutory construction "that respect should be paid to the limits to which Congress was prepared to go to enact a particular policy, especially when the boundaries of a statute were drawn in compromise from countervailing pressures of other policies." *Girardier,* at 1275.

**4.** This Court finds the Debtor's argument that the Bank is a "governmental" or "quasi governmental" unit due to the extensive regulation of the banking industry by state and federal laws for the purpose of 11 U.S.C. § 525 to be unpersuasive.