**In re Richard O. DOUGLAS, and Allied Lumber Company, et al., a general partnership comprised of Richard O. Douglas, William D. Douglas and Billie Joy Douglas, Debtors.**

Bankruptcy Nos. 81–23149, 81–23150.

United States Bankruptcy Court,
W. D. Tennessee, W. D.

March 1, 1982.

Eugene G. Douglass, Bartlett, Tenn., for debtor.

Leo J. Buchignani, Memphis, Tenn., for Glens Falls Insurance Co.

ORDER DISSOLVING DEBTORS' "TEMPORARY RESTRAINING ORDER" AND ALLOWING GLENS FALLS INSURANCE COMPANY TO CANCEL CERTAIN POST–CHAPTER 11 INSURANCE POLICY UNDER 11 U.S.C. SECTION 362(d)

DAVID S. KENNEDY, Bankruptcy Judge.

This proceeding arises from an "Application For Temporary Restraining Order" previously filed by the above-named Chapter 11 debtors in possession (collectively referred to as "DIP") seeking injunctive relief to prohibit Glens Falls Insurance Company ("Glens Falls") from cancelling a certain comprehensive insurance policy in excess of one million dollars obtained by the DIP *after* the filing of the instant Chapter 11 cases.

The ultimate and narrow question for judicial determination here is whether the temporary restraining order previously issued should be made a preliminary and permanent injunction prohibiting cancellation of the insurance policy until such time as the contract expires under its own terms or, in other words, whether Glens Falls should be allowed to invoke the contractual cancellation provision of the policy and cancel the insurance coverage, at this time, notwithstanding Glens Falls' obvious discriminatory treatment against petitioners

under the Bankruptcy Reform Act of 1978 ("Bankruptcy Code").

The relevant facts may be briefly summarized as follows: On September 3, 1981, the above-named debtors filed original petitions under Chapter 11 of the Bankruptcy Code. Because the partnership's debtor's pre-Chapter 11 insurance would soon contractually expire, the DIP sought out new insurance to preserve the properties of the partnership estate during, at least, this administration. After "shopping" to obtain the best policy, DIP accepted the lowest and best bid and obtained a policy of insurance covering the Chapter 11 partnership's business assets through Wooten, Bass & McGowan of Munford, Tennessee, an insurance agency ("Agency"), who acted as agent of Glens Falls.

DIP advanced the first year's premium in the amount of $3,350.00 which has been accepted by the Agency and recognized and acknowledged by Glens Falls.

It is undisputed that the debtor, Richard O. Douglas ("Mr. Douglas"), fully advised Mr. Bill McGowan ("Mr. McGowan") of the Agency that the former had individually and personally filed a Chapter 11 petition. Mr. Douglas further testified that he advised Mr. McGowan that the partnership businesses had also filed a Chapter 11 case. Mr. McGowan testified that Mr. Douglas had suggested that the Agency might be in line to handle all of the latter's insurance needs. Mr. McGowan denied knowledge of the Chapter 11 filing of the partnership. Mr. McGowan, in any event, elected not to even advise and disclose to Glens Falls that Mr. Douglas only had filed a Chapter 11 petition. Glens Falls, unfortunately, had no knowledge that either Mr. Douglas or the partnership had filed petitions under Chapter 11.

The businesses' engineering and preliminary credit reports obtained by Glens Falls were very acceptable to Glens Falls although the Chapter 11 filings were not reflected in the credit reports. The insurance policy was issued on December 14, 1981; and the named insured was interestingly enough "Richard O. Douglas and William D. Douglas, dba Allied Lumber Company". The policy, under its own terms, expires on December 14, 1984. Subsequently, Glens Falls was alerted via a newspaper article that Mr. Douglas and the partnership had filed petitions under Chapter 11 whereupon Glens Falls issued a notice of cancellation (Trial Exhibit 1) on January 29, 1982, relying upon the contractual cancellation provisions of the policy (Trial Exhibit 2) which policy provides, in pertinent part, on page 2 as follows:

"This policy shall be cancelled at any time at the request of the insured (DIP)... This policy may be cancelled *at any time* by this Company (Glens Falls) by giving to the insured a five days' written notice of cancellation...." (Emphasis added.)

Glens Falls readily and candidly admits that the prime reason for the attempted cancellation of this insurance was its post-Chapter 11 knowledge of the Chapter 11 filings. Glens Falls' Nashville office has a business policy of, ipso facto, not insuring petitioners under the Bankruptcy Code. Glens Falls states, through its attorneys, that it is willing, under the circumstances, to return the full premium to the DIP, upon cancellation.

DIP filed the instant "Application For Temporary Restraining Order" which was granted pending a hearing. At the hearing to determine whether the temporary restraining order should be made a preliminary injunction, the parties agreed to advance the hearing on the merits to be heard with this hearing. DIP also agreed at the hearing to allow Glens Falls to make an oral "request" under 11 U.S.C. Section 362(d) to seek a termination of the automatic stay so that, if granted, the insurance policy covering the Chapter 11 partnership could be cancelled by Glens Falls with bankruptcy court authorization.

■ Glens Falls' attempt to cancel the insurance, in the opinion of this court, clearly constitutes discriminatory treatment against a Chapter 11 debtor. There is no proof that Glens Falls is confronted with an increased risk because of the DIP status;

however, 11 U.S.C. Section 525, unfortunately for the DIP, only prohibits a governmental or quasi-governmental unit or organization from discriminating against petitioners under the Bankruptcy Code—i.e. the Bankruptcy Code does not prevent private parties from discriminating against debtors in bankruptcy. See, for example, *Bell v. Citizens Fidelity Bank & Trust Co.*, 636 F.2d 1119 (6th Cir. 1980); *In re Barbee*, 14 B.R. 733, 8 B.C.D. 283 (Bkrtcy.E.D.Va.1981).

■ It should and must be noted, however, that the instant proceeding does not involve the "avoiding" or "special" powers of a debtor in possession or bankruptcy trustee under, for example, 11 U.S.C. Sections 544, 545, 547, 548, or 552. The Bankruptcy Code generally does not grant the debtor in possession or bankruptcy trustee greater rights and powers under a contract than the debtor in possession or bankruptcy trustee had outside of bankruptcy. See, *In re Nashville White Trucks, Inc.*, 5 B.R. 112, 117 (Bkrtcy.M.D.Tenn.1980); *Schultz v. England*, 106 F.2d 764 (9th Cir. 1939); *Mcnear v. Morgantown Community Ass'n*, 136 F.Supp. 292 (D.C.W.Va.1955), affirmed 235 F.2d 354; *Creel v. Birmingham Trust Nat. Bank*, 383 F.Supp. 871 (D.C.Ala.1974), affirmed 510 F.2d 1368; see also *Schokbeton Industries, Inc. v. Schokbeton Products Corp.*, 466 F.2d 171 (4th Cir. 1972); cf. *In re Cahokia Downs, Inc.*, 5 B.R. 529 (Bkrtcy.S.D.Ill.1980); *In re Augustino Enterprises, Inc.*, 13 B.R. 210 (Bkrtcy.D.Mass.1981); 11 U.S.C. 105(a).

■ Under the circumstances and the proof presented at the hearing, the court finds nothing in the Bankruptcy Code which enlarges the rights of the DIP under the contract or which prevents the termination of the insurance under the policy's own cancellation provisions.[1] The court further finds that this is not an appropriate case to invoke *injunctive* relief under 11 U.S.C. Section 105(a) or other equitable principles as the DIP has other insurance available (although such other insurance may or may not be at a higher price).

Based on the facts presented at the trial, the Court is further of the opinion that the provisions of 11 U.S.C. Section 363(*l*) do not apply here. The cancellation provision under the post-Chapter 11 policy relied upon by Glens Falls does not refer to insolvency or the financial condition of the DIP.

The Court also notes that a debtor in bankruptcy or bankruptcy trustee is not immunized from suit on a post-petition claim arising out of the operation of the debtor's business. 28 U.S.C. Section 1473(e). In such post-petition suits the debtor in possession or bankruptcy trustee generally is not granted greater rights and powers under a contract than the debtor in possession or bankruptcy trustee had outside of bankruptcy. See cases cited herein, supra.

IT IS ORDERED:

1. That the "Temporary Restraining Order" entered on February 10, 1982, by Judge Leffler[2] and extended by consent of the parties on February 19, 1982, be and it is hereby dissolved upon Glens Falls return of the premium.

2. That Glens Falls be and it is hereby authorized to cancel the post-Chapter 11 insurance policy in question upon its return of the full premium to the DIP.

3. That all other and future matters, if any, involving these parties be and they are hereby reserved pending the filing of additional pleadings.

---

1. Cancellation under the policy is equally available to the DIP—i.e. if the DIP had found insurance at a lesser price, the DIP could also cancel the policy at any time prior to the contractual expiration of the policy. This is not to say, however, that damages may or may not be assessed against the parties for any early cancellation of the policy. The only question before the Court in the instant proceeding is for injunctive relief.

2. Honorable William B. Leffler, Chief Bankruptcy Judge for this Judicial District, sitting by interchange, as this Court was presiding in the Eastern Division of this District at Jackson, Tennessee, on February 10, 1982.