**In re Seth E. AMIDON, Lisa Anne Amidon, Debtors.**

**Seth E. AMIDON, Lisa Anne Amidon, Plaintiffs,**

**v.**

**AVCO FINANCIAL SERVICES TRUST, Defendant.**

**No. 4–81–00156–G.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 18, 1982.

David G. Sacks, Davenport, Millane & Connor, Holyoke, Mass., for plaintiffs.

Michael West, Kamberg, Berman, Gold & West, P. C., Springfield, Mass., for defendant.

## MEMORANDUM AND ORDER ON APPLICATION TO HOLD CREDITOR IN CONTEMPT

PAUL W. GLENNON, Bankruptcy Judge.

The facts, simply stated are that Lisa Amidon was separated from her job as Assistant Manager at AVCO Financial Management Company because she had sought and received a discharge of her loan obligation to AVCO Financial Services Trust. She seeks an order of contempt against her former employer for a willful and knowing violation of § 362(a) of the Bankruptcy Code. 11 U.S.C. § 362(a), as amended by P.L. 95–598 (1978).

While Lisa Amidon may have a right of action under other federal law or state law (indeed she has brought a state court suit in addition to this application), there is no cause of action stated here which would entitle her to a contempt finding. First, while § 362(a) stays all kinds of proceedings, acts against property, and acts to collect a debt, it does not prohibit an employer from terminating an employee, even for the simple reason that she filed for bankruptcy. Moreover, no matter how punitive her employer's action might have been, the debtor has no remedy in this court other than those state and federal rights which may already exist.

Nor is § 525 of the Code helpful to the debtor, since it is applicable only to governmental or quasi-governmental authorities. See *In re Barbee*, 14 B.R. 733, 8 B.C.D. 283, 5 C.B.C.2d 481 (Bkrtcy.E.D.Va.1981).

Finally, even if § 362(a) were applicable [see, for example, *In re Reed*, 11 B.R. 258, 7 B.C.D. 777, 4 C.B.C.2d 736 (Bkrtcy.D.Utah 1981)], it would only be applicable where the threat of termination had been made by the creditor in the hope of collecting a debt. Here, there has been no showing that AVCO has in any way attempted to collect its debt, but only that AVCO fired the debtor after its debt and lien were discharged. While the employer's conduct

might be reprehensible or otherwise repugnant, it is not actionable as a violation of any court order or stay.

Accordingly, the debtor's request is DENIED, and she is left with federal or state remedies.