**In re Catherine PARKMAN, Debtor.**

**Bankruptcy No. 82 B 12344.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 9, 1983.

Bennie W. Fernandez, Oak Park, Ill., for debtor.

Thomas F. Panza, Fort Lauderdale, Fla., for creditor.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the motion for rule to show cause of the Debtor, Catherine Parkman, [Debtor], represented by Bennie W. Fernandez, Attorney at Law, against the Creditor, Nova University, [Nova] represented by Thomas F. Panza, Attorney at Law, and,

The Court having examined the pleadings filed in this matter, having heard the arguments of counsel and the Court being fully advised in the premises;

The Court Finds:

1. On September 15, 1982, the Debtor filed the instant petition under Chapter 13 of the Bankruptcy Code, and listed Nova on the Schedules, as follows:

| | |
|---|---|
| Nova University | $3,850.00 |
| Comptroller | |
| 3301 College Avenue | Special Class |
| Ft. Lauderdale, Fla. 33314 | |

Remarks: Pay 100%

On September 15, 1982, the Debtor was enrolled in a doctorate program at Nova University's Illinois branch located in Elk Grove Village, Illinois. Under the Debtor's plan, the tuition arrearage of $3,850.00 is to be paid in full over a 36-month period.

2. During the latter portion of September, 1982, the Debtor paid Nova the sum of $600.00 for the October through December, 1982 term. The total sum of $740.00 was due for said term on December 1, 1982, and the Debtor continued to attend classes during the month of October.

3. By letters dated October 26, 1982 and November 5, 1982, the Debtor was informed that she would not be allowed to attend classes until complete payment was made, including the sum of $3,850.00 in arrearages scheduled under the Chapter 13 plan and petition. In the letter dated October 26, 1982, it is stated in relevant part, as follows:

This permission to attend the workshop, of course, is contingent upon your paying all back tuition due by November 30, 1983. I understand as of last week this amount was $3,250. This will have to be completely cleared prior to your attending Unit 3.4 or Sequence A.

In the letter dated November 5, 1982, it is stated in relevant part, as follows:

We have been notified by the Financial Aid Department that your Guaranteed Student Loan application to Glendale Federal Bank has been denied.

Inasmuch as we have not received the $600.00 you promised on October 19, 1982 and you will not be receiving a loan, payment in full in the amount of $3,250 must be received by November 15, 1982 or you will not be allowed to continue in the DPA Program.

On December 1, 1982, the Debtor filed the instant motion for a rule to show cause, and this Court entered and continued said motion for argument to December 29, 1982. On December 29, 1982, after argument, the parties were given leave to file proposed findings of fact and conclusions of law.

The Court Concludes and Further Finds:

1. The Debtor asserts in her motion and memorandum that the action taken by Nova, a private educational institution, is an act to collect indebtedness after filing of the Chapter 13 and violative of the automatic stay provision of Section 362(a) of the Bankruptcy Code. Section 362(a) of the Bankruptcy Code details eight forms of collection prohibited upon filing of bankruptcy. Particularly relevant to the instant case is Section 362(a)(6) which provides, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

.    .    .    .    .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; ...

2. From the above detailed language of the letters and statutory provisions, it is

clear that Nova's refusal to allow the Debtor to attend classes is an action to collect indebtedness after bankruptcy, within the purview and meaning of Section 362(a)(6) of the Code. *In re Lanford,* 7 BCD 485, 486, 10 B.R. 132 (D.Minn.1981); *In re Ware,* 7 BCD 373, 374, 9 B.R. 24 (W.D.Mo.1981). Our own Seventh Circuit Court of Appeals has ruled that creditors seeking relief from the automatic stay provisions must file an adversary proceeding. *In re Holtkamp,* 669 F.2d 505, 509 (7th Cir.1982).

3. Under Section 525 of the Bankruptcy Code, public entities are prohibited from taking actions based on the filing of bankruptcy, as follows:

[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

It has been held that the prohibitions of Section 525 do not apply to private institutions or businesses, due to the lack of state action. *Perez v. Campbell,* 402 U.S. 637, 651, 652, 91 S.Ct. 1704, 1712–13, 29 L.Ed.2d 233 (1971); *Girardier v. Webster College,* 563 F.2d 1267 (8th Cir.1977); *In re Barbee,* 8 B.C.D. 283, 14 B.R. 733 (E.D.Va.1981); *In re Coachlight Dinner Theatre of Nanuet, Inc.,* 7 B.C.D. 226, 8 B.R. 657 (S.D.N.Y. 1981). Where, however, the actions of a private institution such as withholding a transcript, are really tools to collect a discharged debt or a debt provided for under a plan, debtors are denied the fresh start contemplated by Congress in enacting the Bankruptcy Code. *In re Lanford* at 486; *In re Ware* at 374 *citing In re Heath,* 1 CBC 2d 736, 742, 27 B.R. 132 (N.D.Ill.1980). As indicated above, the Debtor has proposed 100% repayment on the arrearages and has made substantial payments towards current tuition. For this Court to allow the actions of Nova to stand would deny the Debtor, who has proposed a good faith plan, the opportunity to finish her education and improve her financial circumstances, contrary to the intent and purpose of Congress.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion for rule to show cause of the Debtor, Catherine Parkman, against the Creditor, Nova University, be, and the same is, hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Creditor, Nova University, be, and the same is hereby enjoined from barring the attendance of the Debtor, Catherine Parkman, in its classes, during the pendency of this Chapter 13 proceeding.