In the Matter of **AMBER LINGERIE, INC., Debtor.**

**Bankruptcy No. 82 B 12035.**

United States Bankruptcy Court, S.D. New York.

June 16, 1983.

Finkel, Goldstein & Berzow, New York City, for debtor.

Friesner & Salzman, Great Neck, N.Y., for Home Ins. Co.

## DECISION AND ORDER ON APPLICATION FOR AN INJUNCTION

EDWARD J. RYAN, Bankruptcy Judge.

On October 18, 1982, Amber Lingerie, Inc. (the debtor) filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. The debtor was thereafter continued in business.

The debtor is engaged in the manufacture and sale of ladies' lingerie and related items. It maintains its manufacturing facility at 75 Main Street, White Mills, Pennsylvania. In addition, it maintains a warehouse located on the corner of 11th Street, a/k/a Industrial Park, Horesdale, Pennsylvania. The debtor's executive offices and showrooms are located at 152 Madison Avenue, New York, New York.

For a period of approximately five years the debtor has obtained all of its business insurance coverage from the Home Insurance Company (Home). Among the insurance obtained is a certain "package" or "multi-peril" policy (No. 1DRP175757) which contains the whole range of coverage customarily obtained by a business such as the debtor's. This policy runs for the period from July 12, 1982 through July 12, 1983. The annual premium of approximately $10,000 was paid in full by the debtor prior to its filing of a petition for reorganization. The policy provides, *inter alia,* that it may be canceled by Home by mailing thirty days' written notice of cancellation to the insured.

In the Fall of 1982 the debtor, as part of an effort to reduce operating expenses, discontinued sprinkler service in its warehouse. The debtor contacted its insurance broker and obtained from Home a change in the rating of the warehouse from "sprinklered" to "non-sprinklered." This was effective September 23, 1982 and resulted in an additional premium charge of $198.00.

By notice dated December 9, 1982 Home notified the debtor that it would terminate the debtor's insurance policies as of January 11, 1983. Comparable replacement insurance is available to the debtor at a cost of approximately $35,000 per year. The debtor cannot afford this substantial increase. By order to show cause dated December 17, 1982, the debtor seeks to enjoin the Home from terminating or canceling its insurance policies.

A Bankruptcy Court has the inherent equitable power, in proper circumstances, to enjoin cancellation of a contract in order to preserve the continuation of the debtor's business. 11 U.S.C. § 105; *In re Trigg,* 630 F.2d 1370, 1373 (10th Cir.1980); *In re Merritt Lumber Co.,* 336 F.Supp. 325 (E.D.Pa.1971). This power may be exercised where such cancellation would "seriously impair" the reorganization. See *Queens Boulevard Wine & Liquor Corp. v. Blum,* 503 F.2d 202, 207 (2d Cir.1974).

This court is persuaded that an injunction preventing cancellation of the debtor's insurance policy is warranted. Effectively, there is no replacement coverage available. The debtor cannot afford the cheapest alternative, which is several times more expensive than the present policy. If the debtor were to continue in business without insurance coverage, it would be subject to such a great risk of loss that its reorganization would be jeopardized.

Home claims that it would be inequitable for this court to enjoin cancellation because the risk has substantially increased, thereby giving the debtor cut-rate insurance at Home's expense. As support, Home directs the court's attention to the discontinuance of sprinkling in the debtor's Honesdale warehouse. This contention is without merit as Home surcharged the debtor for the increased risk due to the termination of sprinkling. Home offers no other evidence of increased risk, only conclusory and speculative statements that the debtor's decline in sales, payroll and inventory increases the likelihood of arson. See *In re Cohokia Downs, Inc.,* 5 B.R. 529 (Bkrtcy.S.D.Ill.1980) where the court refused to allow an insurance company to terminate a Chapter 11 debtor's insurance policy absent evidence of substantial increased risk.

For the reasons stated above, the debtor's application to enjoin the Home Insurance Company from terminating or canceling the debtor's existing insurance policies is granted.

It is so ordered.