**In re BOGEY'S BARN, LTD., Debtor.**

**BOGEY'S BARN, LTD., Plaintiff,**

**v.**

**INDIANA INSURANCE COMPANY, Defendant.**

**Bankruptcy No. 84–01135–BKC–TCB–X.**
**Adv. No. 85–0162–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 12, 1985.

John W. Kozyak, Kozyak, Tropin & Throckmorton, P.A., Miami, Fla., for plaintiff/debtor.

Kenneth J. Weil, Floyd Pearson Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, Fla., for defendant.

**ORDER OF DISMISSAL**

THOMAS C. BRITTON, Bankruptcy Judge.

This adversary complaint seeks an injunction against the cancellation of a fire insurance policy upon the chapter 11 debtor's business premises. The debtor has moved (C.P. No. 3) for a temporary restraining order which was heard as an emergency on February 8. The facts appear to be undisputed and it would appear appropriate to treat this hearing as a final hearing.

The bankruptcy began in June, 1984 with an involuntary petition. The debtor filed a voluntary chapter 11 petition three

weeks later. The insurance policy in question here was issued three months later in October, 1984.

The contract provides:

"This policy shall be cancelled *at any time* at the request of the insured.... This policy may be cancelled *at any time* by this Company by giving to the insured a *ten days' written notice* of cancellation with or without tender of the excess of paid premiums above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand." (Emphasis supplied.)

It is undisputed that in this State, at least, such a provision is valid and will be given full effect. *Graves v. Iowa Mutual Insurance Co.*, 132 So.2d 393 (Fla.1961).

This is not a situation where the cancellation is an act to collect a pre-petition debt owed to the insurer, which would be stayed by 11 U.S.C. § 362(a)(6). Nothing is owed to this insurer. It concedes that $8,800 is refundable to the debtor as a result of this cancellation.

Similarly, this is not a situation where the contract is terminated because of the debtor's insolvency or the commencement of this bankruptcy case. The policy inherent in § 365(e)(1), denying the enforcement of ipso facto clauses, is not at issue here. This contract was issued *after* bankruptcy.

Finally, this is not a situation where the contract is with a vendor which is a sole supplier of an essential product or service. It is not intimated that fire insurance cannot be obtained from anyone else. It is merely argued that it might or would cost more. This case, therefore, is unlike utility contracts, contracts with a franchisor, and other similar situations.

The debtor invokes, therefore, this court's general equitable power under § 105(a):

"The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The debtor relies on *Matter of Amber Lingerie, Inc.*, 30 B.R. 736, 737 (Bankr.S.D.N.Y.1983), where a colleague in New York enjoined the cancellation of a multi-peril insurance policy upon a chapter 11 debtor's business because:

"Effectively, there is no replacement coverage available. The debtor cannot afford the cheapest alternative, which is several times more expensive than the present policy."

The case is distinguishable in degree from the facts presented here. The premiums stipulated in our case were based upon the fact that the debtor's premises were fully occupied when the policy was written. They were almost completely vacant shortly thereafter and remain vacant today. The debtor expects to sublet all of its premises almost immediately. If it does so, it should be able to obtain insurance at premiums comparable to the present contract.

If the facts here were identical to those before the New York court, I would still decline to follow that decision. I am more persuaded by the contrary decision in *In re Douglas*, 18 B.R. 813 (Bankr.W.D. Tenn.1982). The injunctive power granted this court under § 105 should be invoked only under exceptional circumstances, such as those referred to above. The statutory stay in § 362 almost completely eliminates the need for injunctive relief. *Collier on Bankruptcy* ¶ 105.02 (15th ed.).

In the case of contracts arising *after* bankruptcy, as is the case here, I can presently imagine no circumstance which would justify this court's denying a party who has contracted with the debtor the rights and privileges he would be entitled to in a state court absent bankruptcy. The injunctive relief in the Bankruptcy Code is designed to give the debtor a breathing spell with respect to its existing contracts, not a special advantage with respect to its future contracts. Were the law otherwise, it would be even more difficult for debtors to conduct their post-petition business than is the case now.

The motion for a temporary restraining order is denied—and this action is dismissed with prejudice. Costs, if any, may be taxed on motion.