PER CURIAM.
 

 Plaintiff-appellant, Olita Wilson, brought this action against her former employer, Harris Trust and Savings Bank, seeking an injunction, back pay, and reinstatement in connection with the termination of her employment allegedly in violation of § 525 of the Bankruptcy Code, 11 U.S.C. § 525. The district court, affirming the bankruptcy court’s decision, held that § 525 did not apply to the defendant, a private employer. Wilson appeals. We affirm.
 

 I.
 

 In December 1981, Wilson filed a voluntary petition under Chapter 7 (of the Bankruptcy Code, 11 U.S.C. § 701,
 
 et seq.
 
 At the time of the petition, Wilson was employed by the defendant, Harris Trust and Savings Bank (“The Bank”). Wilson was also indebted to the Bank in the amount of $2,707.23.
 

 In January 1982, Wilson filed a complaint alleging that as a direct result of her filing for bankruptcy the defendant laid her off without pay and threatened to terminate her. She was subsequently terminated (the record does not disclose when). Wilson claimed that the defendant’s actions were in violation of 11 U.S.C. § 362(a)(3) and (a)(6). She argued that the termination was an attempt to force her out of bankruptcy so the Bank could collect the debts owed it by Wilson. She also asserted a claim under 11 U.S.C. § 525.
 

 . The defendant moved to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. The bankruptcy judge granted the motion and dismissed the case without prejudice. On appeal, the district court affirmed in part and reversed in part, holding that Wilson did have a cause of action under 11 U.S.C. § 362(a), but did not have a cause of action under 11 U.S.C. § 525. The case was remanded to the bankruptcy court.
 

 Wilson then withdrew her claim with respect to 11 U.S.C. § 362(a). The issue we must decide is whether Wilson has stated a cause of action under 11 U.S.C. § 525.
 

 II.
 

 Since this is an appeal from a dismissal for failure to state a claim under Fed.R. Civ.P. 12(b)(6) and Rule 712 of the Bankruptcy Rules, we treat all of Wilson’s allegations in the complaint as true.
 
 United Independent Flight Officers v. United Air Lines,
 
 756 F.2d 1262, 1264 (7th Cir.1985). We also view all allegations in the light most favorable to Wilson.
 
 Haroco, Inc. v. American National Bank and Trust Co.,
 
 747 F.2d 384, 385 (7th Cir.1984),
 
 aff'd,
 
 — U.S. -, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).
 

 Section 525(a) provides, in relevant part, as follows:
 

 
 *1248
 
 A governmental unit
 
 [1]
 
 may not ... terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title ... solely because such bankrupt or debtor is or has been a debt- or under this title, or a bankrupt or debt- or under the Bankruptcy Act, ... or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.
 

 The legislative history accompanying § 525 indicates that, as enacted, the section codifies the result in
 
 Perez v. Campbell,
 
 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In
 
 Perez,
 
 the Court held that a state may not suspend the driver’s license of a debtor whose tort judgment resulting from an automobile collision was discharged. The Court found that the state financial responsibility statute was in conflict with the “fresh start” policy of the Bankruptcy Act.
 
 Id.
 
 at 652, 91 S.Ct. at 1712.
 

 Wilson concedes that a literal reading of 11 U.S.C. § 525 “[a] governmental unit may not ...” indicates that Congress did not intend it to apply to private employers. She argues, however, that Congress gave the courts discretion to extend § 525 to private employers. Wilson relies on legislative history accompanying § 525 which states that “[t]he section is not so broad as a comparable section proposed by the Bankruptcy Commission ... which would have extended the prohibition to any discrimination, even by private parties. Nevertheless, it is not limited either ... the courts will continue to mark the contours of the anti-discrimination provision in pursuit of sound bankruptcy policy.” H.R. Rep. No. 595, 95th Cong., 1st Sess. 366-7 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6323; S.Rep. No. 989, 95th Cong.2d Sess. 81 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5867.
 

 Wilson relies on
 
 In re Heath,
 
 3 B.R. 351, 353 n. 1 (Bkrtcy.N.D.Ill.1980), where the court acknowledged that section 525 could be extended to include private employers. The statement in
 
 Heath,
 
 however, was dictum: the case involved the application of § 525 to a state university. Wilson also cites
 
 In re Terry,
 
 7 B.R. 880 (Bkrtcy.E.D.Va.1980), where the court noted that courts generally take a dim view of a private employer firing an employee simply because he or she has filed a petition in bankruptcy. The court further stated that the jurisdiction to enjoin this is widely accepted. But
 
 Terry
 
 did not mention § 525 and. ultimately concluded that the employee was discharged for reasons other than filing for bankruptcy. Thus, the cases Wilson relies upon did not apply § 525 to a private entity.
 

 A few recent cases have suggested that § 525 should be construed to apply to private entities.
 
 In re Olson,
 
 38 B.R. 515, 519 (Bkrtcy.N.D.Iowa 1984) (basing decision on §§ 362(a) and 524(a));
 
 Matter of Green,
 
 29 B.R. 682, 686 (Bkrtcy.S.D.Ohio 1983) (private entity acting as “vicarious agent” of state; § 525 violated);
 
 In re Parkman,
 
 27 B.R. 460, 462 (Bkrtcy.N.D.Ill.1983) (where actions of private institution are really tools to collect a discharged debt, debtor is denied the fresh start contemplated by Congress; §§ 362(a) and 525);
 
 Bell v. Citizens Fidelity Bank & Trust Co.,
 
 636 F.2d 1119 (6th Cir.1980) (summary judgment improper where issues of material fact existed as to whether employer discharged the plaintiff employee for filing a petition in bankruptcy and whether the policy of discharging employees who have filed petitions in bankruptcy had a discriminatory impact on blacks; citing no statutory authority.)
 
 But see id.
 
 at 1120 (Weick, J., dissenting).
 

 Nevertheless, the majority of courts have rejected applying § 525 to private entities
 
 *1249
 
 prior to 1984.
 
 See In re Amidon,
 
 22 B.R. 457 (Bkrtcy.D.Mass.1982) (§ 525 does not apply to employer management company);
 
 In re Barbee,
 
 14 B.R. 733, 736 (Bkrtcy.E.D.Va.1981) (§ 525 does not apply to employer bank);
 
 In re Coachlight Dinner Theatre of Nanuet, Inc.,
 
 8 B.R. 657, 658 (Bkrtcy.S.D.N.Y.1981) (§ 525 inapplicable to a private radio station);
 
 In re Northern Energy Products,
 
 7 B.R. 473, 474 (Bkrtcy.C.D.Minn.1980) (Better Business Bureau is not a governmental unit under § 525);
 
 In re Douglas,
 
 18 B.R. 813, 815 (Bkrtcy.W.D.Tenn.1982) (§ 525 inapplicable to an insurance company).
 
 See also Matter of Jackson,
 
 424 F.2d 1220, 1222 (7th Cir.),
 
 cert. denied
 
 400 U.S. 911, 91 S.Ct. 145, 27 L.Ed.2d 150 (1970) (pre-dating Bankruptcy Reform Act but finding no authority to issue an injunction continuing a debtor’s employment against his private employer’s will);
 
 McLellan v. Mississippi Power & Light Co.,
 
 545 F.2d 919, 929-30 (5th Cir. 1977) (en banc) (pre-dating the Bankruptcy Reform Act but finding no law prohibiting a private employer from firing an employee because he had filed a petition in bankruptcy and refusing to extend
 
 Perez); Marshall v. District of Columbia Government,
 
 559 F.2d 726, 729 (D.C.Cir.1977) (predating the Bankruptcy Reform Act but determining that bankruptcy statute does not “prohibit employers from using the fact of bankruptcy in considering whether the past record of a job applicant merits his consideration for employment”; fitness for job in a police department can depend on applicant’s prior bankruptcy, pursuant to District of Columbia regulation).
 

 We agree with the majority’s interpretation of the statute. Congress carefully considered extending the anti-discrimination section to private entities and purposefully rejected it as being overbroad. Where the terms of the statute are unambiguous, reliance on legislative history is inappropriate, absent rare and exceptional circumstances.
 
 Pullman-Standard v. I.C.C.,
 
 705 F.2d 875, 879 (7th Cir.1983). Section 525 is specifically worded to apply to governmental units. The Bank is clearly not a governmental unit. We cannot find a cause of action under § 525 when Congress has expressly declined to provide one.
 

 Moreover, Congress amended § 525 in 1984 to provide that the prohibitions in § 525(a) now apply to private, as well as public, employers.
 
 See
 
 11 U.S.C. § 525(b).
 
 [2]
 
 Congress would not have added this provision if it thought private employers were already barred from discriminating against debtors under § 525.
 

 Wilson also asks this court to apply § 525(b) retroactively to her 1982 suit. We decline to do so. Congress expressly stated that subsection (b) was to be applied only to cases filed ninety days after enactment. Subsection (b) was enacted on July 10, 1984, long after this case had been in litigation.
 

 The decision of the district court is
 

 AFFIRMED.
 

 [1]
 

 . “Governmental unit” is defined in § 101(21) of the Code as follows: " ‘Governmental unit’ means United States; State, Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(21).
 

 [2]
 

 . Section 525(b) now provides: “[n]o private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—
 

 (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
 

 (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
 

 (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.