**In re PLEXUS ENTERPRISE, INC., c/o Florida Computerized Machine, Inc., Debtor.**

No. 02–05130–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 27, 2002.

Michael C. Markham, Johnson, Blakely, et al., Clearwater, FL, for Debtor.

***ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS AGAINST NATIONWIDE INSURANCE FOR VIOLATION OF THE AUTOMATIC STAY***

(Doc. No. 62)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this yet-to-be confirmed Chapter 11 case of Plexus Enterprise, Inc. (Debtor) is Debtor's Motion for Sanctions Against Nation-

wide Insurance for Violation of the Automatic Stay (Sanctions Motion), filed on September 13, 2002. In the Sanctions Motion, the Debtor seeks sanctions against Nationwide Insurance (Nationwide) based upon the fact that Nationwide cancelled its insurance policy with the Debtor post-petition without first seeking leave from this Court.

The facts, as appear from the record, are summarized as follows. The Debtor filed for Chapter 11 relief on March 18, 2002. On July 11, 2002, Nationwide issued an insurance policy to the Debtor, bearing policy number 77 BA 466–791–3001 (Policy). On July 24, 2002, Nationwide, through written correspondence, cancelled the Policy effective September 9, 2002. (Exh. A to Sanctions Motion).

In the Sanctions Motion, the Debtor merely alleges that Nationwide violated the "automatic stay." In its post-hearing brief, the Debtor further articulates that because the Policy is property of the estate of the Debtor, the cancellation of the Policy violates 11 U.S.C. § 362 because (1) the Policy is property of the estate pursuant to 11 U.S.C. § 541(a)(7); (2) Nationwide never sought relief from the automatic stay to cancel the Policy; and (3) the cancellation of the Policy was based on the sole fact that the Debtor was in bankruptcy.

■ In opposition, Nationwide concedes that the Policy is property of the estate pursuant to 11 U.S.C. § 541(a)(7) but argues that the contract was entered into post-petition and therefore, under applicable law, the stay is inapplicable. In reliance, Nationwide cites to two cases: *In re Bolin Oil Co.*, 51 B.R. 936 (Bankr. N.D.Ohio 1985) and *In re New England Marine Services, Inc.*, 174 B.R. 391 (Bankr.E.D.N.Y.1994). In each of these cases, the bankruptcy court concluded that post-petition insurance policies are property of the estate; however, the same are not subject to 11 U.S.C. § 362 because a post-petition contract (in these cases, an insurance policy) is not property of the estate at the time of the commencement of the case. Implicit in the language of 11 U.S.C. § 362 is that the stay is granted to a debtor against all property of the debtor at the commencement of its case, not during the bankruptcy case of the debtor when it acquire post-petition property.

■ The Debtor argues that the cases are distinguishable because in both cases, the insurance companies were well aware that the insured-entity was a debtor in bankruptcy and in this case, Nationwide was unaware the Debtor was in a pending Chapter 11 case. This Court is satisfied that this is not a distinguishable fact because the automatic stay is inapplicable to acts done post-petition with post-petition property of the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Sanctions Against Nationwide Insurance for Violation of the Automatic Stay be, and the same is hereby, denied.