In re Daniel M. GARNAS, Debtor.

Daniel M. GARNAS, Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, a North Dakota
Corporation; and J.O. Wigen, Commis-
sioner of Insurance in and for the State
of North Dakota, Defendants.

In re Donald Malcolm GARNAS and
Ruth Larue Garnas, Debtors.

Donald Malcolm GARNAS and Ruth
Larue Garnas, Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, a North Dakota
Corporation; and J.O. Wigen, Commis-
sioner of Insurance in and for the State
of North Dakota, Defendants.

Bankruptcy Nos. 83–05231, 83–05232.
Adv. Nos. 84–7019, 84–7020.

United States Bankruptcy Court,
D. North Dakota.

March 16, 1984.

Daniel L. Wentz, Fargo, N.D., for plain-
tiffs.

Wayne T. Anderson, Fargo, N.D., for
American Family.

Gregory D. Morris, Bismarck, N.D., for
Insurance Commissioner.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

■ This Order is issued jointly address-
ing the above-captioned cases, both of
which are identified by the same issue. In
both cases, the Debtors (Daniel M. Garnas
in Adversary No. 84–7019 and Donald M.
Garnas in Adversary No. 84–7020) filed a
Complaint on February 16, 1984, seeking
injunctive relief preventing the Defendant,
American Family Mutual Insurance Compa-
ny (American Family) from terminating a
farm-ranch policy jointly issued to the
Debtors on March 15, 1983. The Complaint
also seeks an injunction against the North
Dakota Commissioner of Insurance from
approving or condoning said termination.
Before addressing the relationship between

the Debtors and American Family, the Court at the outset finds that whatever action has been taken by American Family has not been taken at the direction or as a result of any policy of the Insurance Commissioner nor any state statute. The action of American Family is wholly the result of their own underwriting criteria and, as a consequence, injunctive relief against the North Dakota Insurance Commissioner is inappropriate and is terminated.

The Debtors both filed separately for relief under Chapter 11 of the Bankruptcy Code on April 21, 1983. They are farmers operating in the Page, North Dakota, area and on or about March 15, 1983, were issued American Family Policy No. 33P–81312 extending coverage to their farm property and buildings. The policy's effective period was from March 15, 1983, to March 15, 1984. The Debtors are presently current in their premium payments.

On January 27, 1984, Donald M. Garnas received a letter from an underwriter for American Family advising him that the coverage on Policy No. 33P–81312 would cease as of 12:01 a.m., March 15, 1984. The letter further stated that the reason for termination was his history of handling financial obligations as shown by information in a consumer report from the Valley City, North Dakota, Credit Bureau. This letter prompted the Debtors to file the Complaints, and on March 6, 1984, they filed the instant Motion for an ex parte temporary restraining order. For cause shown, this Court issued an Order on March 7, 1984, restraining American Family from cancelling coverage until a hearing could be held. A hearing was held on March 16, 1984. The facts as derived from the hearing are as follows:

Both Debtors, for some time prior to taking insurance with American Family, had been insured with Milbank Mutual Insurance Company. Donald Garnas testified that he switched to American Family in an effort to save premium costs and that it would be extremely difficult for him to secure alternative coverage at this point. He further testified that at the time he completed the application, he was contemplating bankruptcy but had not yet done so. The insurance agent, DuWayne Muth, could not recall when he was advised of Garnas' bankruptcy filing but agreed that he was informed by Donald Garnas regarding a reorganization sometime prior to October of 1983. Garnas himself recalled telling Muth of the reorganization back in April of 1983. Policy No. 33P–81312 provides that it may not be cancelled during its term for reasons of bankruptcy. Donald Hartwick, an American Family underwriter, testified that policies such as this automatically renew upon expiration of the term unless the company takes some action to terminate. He further stated that in making such a decision, the policyholder's financial and credit worthiness is considered along with claim history. It is a firm policy of American Family that a bankruptcy filing renders a person ineligible for coverage for three years following a bankruptcy. Hartwick stated that the reason the policy is not being renewed is because the Debtors are in bankruptcy court. The January 27, 1984, letter bears this out in that the only reason stated for termination is the Debtors' "history of handling financial obligations". To the Court this indicates that although Garnas' did have four claims against the policy, that fact was not material to American Family's decision.

The Debtors, relying upon sections 105, 362, 363, and 365 of the Code, have taken the position that this Court may enjoin the attempted termination principally because non-renewal would be contrary to general bankruptcy policy. American Family agrees that section 365(e) of the Code prevents cancellation of a policy but asserts that the Court has such power only where the policy is still an executory contract. Upon expiration of the term, the policy is merely not renewed which is completely different than a cancellation of an executory policy. Both parties have placed reliance upon the case of *In re Cahokia Downs*, 5 B.R. 529 (Bkrtcy.S.D.Ill.1980) which was cited by this Court in its unreported decision of *In re Louie E. Bentson*,

Adversary No. 82–7089 filed April 5, 1982. In the *Bentson* case, this Court, agreeing with *In re Cahokia*, held that it was without authority to require an insurance company to extend coverage to a debtor but that it would have the power to enjoin cancellation during the term. The facts in *Bentson* are somewhat dissimilar from the Garnas situation. In *Bentson*, no insurance policy had ever been actually issued. Garnas', on the other hand, had been issued a valid and binding policy of insurance which would under usual circumstances automatically renew at the expiration of the term.

 Insurance is important to everyone, but it is critical to the success or failure of a debtor seeking to reorganize himself in Chapter 11. The Code, and in particular section 365, has as its purpose to extend to the bankruptcy courts broad power over contractual relations in order that Chapter 11 debtors might be rehabilitated. Section 365(e)(1) provides that an executory contract may not be terminated solely because of a provision in such contract that is conditioned upon insolvency or financial condition of a debtor or the commencement of a bankruptcy case. This provision expressly nullifies bankruptcy clauses contained within the policy itself, generally *In re Sapolin Paints, Inc.*, 5 B.R. 412 (Bkrtcy.E.D.N.Y.1980). The scope of this particular section, however, must also encompass termination decisions where the decision is based not upon written contract language but upon general company underwriting standards. To hold otherwise would permit companies to very easily circumvent the purpose of section 365 by merely omitting any reference to insolvency, financial condition or bankruptcy from the contract provisions. A company such as American Family may not maintain an underwriting standard mandating termination on the basis of a bankruptcy filing as was the case here. The central issue, however, is whether American Family's underwriting decision to terminate Policy No. 33P–81312 as of March 15, 1984, was a termination of an executory contract and thus prohibited by the foregoing section. There is no precise definition of the term "executory contract" but it generally includes contracts in which performance remains due to some extent on both sides. In *Jenson v. Continental Financial Corp.*, 591 F.2d 477 (8th Cir.1979), the Eighth Circuit concluded that in a general sense, as long as any part of a contract remains unperformed, the contract is executory. This Court is persuaded that the term must be defined within the context of the bankruptcy court's inherent equitable power to preserve the continuation of the debtor's business. From the hearing testimony, it is clear that policies of the type issued to the Garnas' by and large were automatically renewed upon expiration of the term and that for all practical purposes, there is an unbroken span of coverage afforded a policyholder so long as the premium is paid. Although a policy may state a termination date, that date in most circumstances is simply ignored and the policy continues on and on with the relationship between the insurance company and the policyholder continuing over the term without any interaction between the two except for payment of premium. Under such circumstances, this Court is persuaded that an executory contract within the preview of the Bankruptcy Code does indeed exist between an insurance company and a policyholder despite the fact that an individual policy may provide for one-year coverage. It is also obvious to the Court that the policy issued to the Garnas' would have automatically renewed had it not been for the fact that they filed for relief under the Bankruptcy Code. This is the sole reason that American Family elected to not renew the policy, and it is precisely that reason which is prohibited by section 365(e)(1) of the Code. This Court is persuaded that an injunction preventing nonrenewal of the Debtors' insurance policy is warranted. Nonrenewal would seriously impair the reorganization because the Debtors, if they are to continue in their farming operation, must have insurance and without it they would be subjected to a great risk of loss that would seriously jeopardize their reorganization.

For the reasons stated above, the Debtors' application to enjoin American Family Mutual Insurance Company from terminating the Debtors' Policy No. 33P–81312 is granted. The policy should be renewed and remain in force so long as premiums are current.

Dated at Fargo, North Dakota, this 16th day of March, 1984.

IT IS SO ORDERED.