

Jay G. Ochroch, John C. Halderman, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for the debtor/plaintiff, Heaven Sent Ltd., a/k/a Heaven Sent Couriers.

Neal D. Colton, E. David Chanin, Dechert, Price & Rhoads, Philadelphia, Pa., Barnett Ovrut, Commercial Union Ins. Co., Boston, Mass., for defendant, Commercial Union Ins. Co.

In re HEAVEN SENT LTD., a/k/a
Heaven Sent Couriers, Debtor.

HEAVEN SENT LTD., a/k/a Heaven
Sent Couriers, Plaintiff,

v.

COMMERCIAL UNION INSURANCE
COMPANY, Defendant.

Bankruptcy No. 83–02389G.
Adv. No. 84–0188G.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 19, 1984.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether we can direct the defendant to renew certain insurance policies at their respective expirations, which policies the defendant had issued to the debtor and which policies are set to expire by their own terms in the immediate future. Because nothing in the Bankruptcy Code ("the Code") enlarges the rights of a debtor under a contract nor prevents the termination of a contract by its own terms, we will deny the debtor's

complaint and motion seeking to direct the defendant to renew the insurance policies in question on their expiration dates.

The facts of the instant case are as follows:[1] On June 8, 1983, Heaven Sent Ltd., a/k/a Heaven Sent Couriers ("the debtor"), an entity engaged in the business of same-day package delivery, filed a petition for reorganization under chapter 11 of the Code. Prior thereto, Commercial Union Insurance Company ("Commercial") had issued two insurance policies to the debtor—an "automobile policy," which was due to expire at 12:01 A.M. on March 17, 1984, and a "workers' compensation policy," which is due to expire at 12:01 A.M. on April 9, 1984.

In February, 1984, Commercial sent to the debtor notices of non-renewal of both insurance policies. Consequently, on March 7, 1984, the debtor filed the instant complaint and motion for "preliminary mandatory and injunctive relief" seeking a court order directing Commercial to renew both of the aforesaid insurance policies. The expiration date of the automobile policy has been extended to 12:01 A.M. on March 20, 1984, by agreement of the parties.

The debtor contends that we have the equitable power to direct Commercial to renew the insurance policies, which are about to expire by their own terms, because said policies are essential to the debtor's reorganization. The debtor avers that unless Commercial is forced to renew the insurance policies, it (the debtor) will be unable to acquire replacement coverage, the "inevitable result" of which will be the cessation of the debtor's business and a liquidation of its assets.

We note at the outset that the debtor asks us to do more than enjoin the cancellation of insurance policies—it requests that we direct Commercial to renew the policies in question. The debtor directs our attention to the case of *Matter of Amber Linge-*

*rie,* 30 B.R. 736 (Bkrtcy.S.D.N.Y.1983), wherein the court, pursuant to section 105 of the Code,[2] enjoined an insurance company from cancelling an unexpired policy. The dispositive factor in that case, as well as in the other cases cited by the debtor, was that the policy in question had not expired. In the case *sub judice,* however, both policies will terminate by their own terms in the very near future. We are unaware of any provision in the Code which authorizes us to direct Commercial to renew the subject policies and thereby create new contractual rights between it and the debtor where none heretofore existed. As the court stated in *White Motor Corp. v. Nashville White Truck, Inc.,* 5 B.R. 112, 117 (Bkrtcy.M.D.Tenn.1980):

> "The Code does not, however, grant the debtor in bankruptcy greater rights and powers under the contract than he had outside of bankruptcy. The court finds nothing in the Code which enlarges the rights of [the debtor] under the contract or which prevents the termination of the contract on its own terms on [the expiration date]".[3]

Consequently, while we are fully cognizant of the debtor's plight and the ramifications of our decision, we conclude that the debtor's complaint and motion must be DENIED.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 105(a) of the Code provides that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or ap- propriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (1979).

3. *Accord: In re Advent Corp.,* 24 B.R. 612 (Bkrtcy.App. 1st Cir.1982); *In re Douglas,* 18 B.R. 813 (Bkrtcy.W.D.Tenn., W.D.1982).