**In the Matter of PESTER REFINING COMPANY, Debtor.**

**PESTER REFINING COMPANY, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, A SUBSIDIARY OF CIGNA, Defendant.**

**Bankruptcy No. 85–340–C. Adv. No. 85–0336.**

United States Bankruptcy Court, S.D. Iowa.

Nov. 22, 1985.

ter filed a petition under Chapter 11 of the Bankruptcy Code on February 24, 1985, and is a debtor-in-possession in the underlying bankruptcy proceeding. Prior to the filing of its Chapter 11 petition, Pester had contracted for insurance coverage with INA. The insurance contract provides coverage for the three year period ending November 1, 1987, and requires Pester to make tri-annual premium payments. Pester has made all required premium payments.

On September 24, 1985, INA notified Pester that the insurance contract would be cancelled on November 23, 1985, unless Pester agreed to an increase in the contract premiums and complied with two "loss control measures" stipulated by INA. The cancellation notice was sent pursuant to paragraph twenty of the insurance contract which provides in part "... This insurance may also be cancelled by or on behalf of [INA] by delivering to [Pester] or by mailing to [Pester] ... written notice stating when not less than sixty days thereafter, the cancellation shall be effective...."

In response to this cancellation notice, Pester filed a complaint for a preliminary injunction that seeks to enjoin INA from taking further action to effect the cancellation of the insurance policy. In the alternative, Pester asks that the cancellation notice be rendered null and void as a violation of the automatic stay of 11 U.S.C. § 362(a).

James A. Chatz, Chicago, Ill., and John G. Fletcher, Des Moines, Iowa, for debtor.

R. Todd Gaffney, Des Moines, Iowa, and Margaret J. Orbon, Chicago, Ill., for defendant.

## MEMORANDUM OF DECISION

RICHARD F. STAGEMAN, Bankruptcy Judge.

The matter before the court is a complaint filed by Pester Refining Company ("Pester") that seeks to prevent the Insurance Company of North America ("INA") from cancelling an insurance policy. Pes-

### I.

The initial question to be resolved is whether an insurance contract issued for a term of three years is an executory contract within the meaning of 11 U.S.C. § 365. Congress has chosen not to define "executory contract" apparently because it believes the term "... is well understood and any succinct statutory language [would] risk[ ] an unintended omission or inclusion...." Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc. No. 137, 93rd Cong., 1st Sess., Part I, 199 (1973). The legislative history to the 1978 Act does, however, state that "though there is no precise definition of

what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 58, reprinted in 1978 U.S.CODE CONG. & AD.NEWS 5787, 5844, 5963, 6303. The legislative history in effect adopts this "Countryman" definition of executory contracts. See Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn.L.Rev. 439, 460 (1973). Likewise, the case law employs the "performance due on both sides" definition of executory contracts. N.L.R.B. v. Bildisco and Bildisco, 465 U.S. 513, 104 S.Ct. 1188, 1194 at n. 6, 79 L.Ed.2d 482; Jenson v. Continental Financial Corp., 591 F.2d 477 (8th Cir. 1979); In re B. Siegel Company, 51 B.R. 159 (Bkrtcy.E.D.Mich.1985).

■ The insurance policy before the court imposes obligations of continuing performance on both Pester and INA. Pester has the obligation to continue paying premiums while INA must continue to provide insurance protection. The insurance contract, therefore, is an executory contract. Accord In re B. Siegel Company, 51 B.R. at 163; In re Garnas, 38 B.R. 221 (Bkrtcy.D.N.D.1984); See also Lam, Cancellation of Insurance: Bankruptcy Automatic Stay Implications, 59 Am.Bankr. L.J. 267 (1985).

The necessary result of the foregoing discussion is that INA is precluded from enforcing the cancellation provision of the instant insurance contract. Pester's status as a Chapter 11 debtor-in-possession bars INA from enforcing a contractual provision against Pester unless and until Pester assumes the contract.[1] N.L.R.B. v. Bildisco, 465 U.S. at 531, 104 S.Ct. at 1199. See also Bordewieck, The Postpetition, Pre-Rejection, Pre-Assumption Status of an Executory Contract, 59 Am.Bankr.L.J. 197, 211 (1985). A termination pursuant to the contract's cancellation clause would amount to enforcement of the terms of the contract. Such an action is barred by Bildisco. N.L. R.B. v. Bildisco, 465 U.S. at 531, 104 S.Ct. at 1199. Because the contract is not enforceable by INA at this time, the court holds the September 24, 1985, cancellation notice to be without effect.

## II.

■ Even if the insurance contract was not treated as an executory contract, the unilateral act of INA to cancel the policy would be barred by the automatic stay of 11 U.S.C. § 362(a). The filing of a bankruptcy petition "operates as a stay applicable to all entities of," among other things, "(1) the commencement or continuation ... [of a] proceeding against the debtor that was or could have been commenced before the commencement of the case ... and (3) any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. § 362(a).

The scope of the automatic stay is very broad and encompasses all proceedings whether or not before governmental tribunals. See S.Rep. No. 989, 95th Cong., 1st Sess., reprinted in 1978 U.S.CODE CONG. & AD.NEWS 5787, 5837, 6297. The Bankruptcy Court for the Northern District of Iowa recently held that actions taken by a surety to cancel a contract were "proceedings" within the scope of the automatic stay despite the informal and nonjudicial nature of such actions. In re Wegner Farms Co., 49 B.R. 440, 442 (Bkrtcy.N.D. Iowa 1985). Although the procedure employed by INA to cancel Pester's insurance contract was non-judicial in nature, the result of the procedure will be to deprive Pester of insurance coverage. As such, INA's action in cancelling the instant contract constituted a proceeding against Pester in contravention of Section 362(a)(1). Actions taken in violation of the automatic stay are void. Kalb v. Feuerstein, 308

---

1. In a Chapter 11 reorganization a debtor-in-possession has until a reorganization plan is confirmed to decide whether to accept or reject an executory contract, although a creditor may request the Bankruptcy Court to make such a determination within a particular time. 11 U.S.C. § 365(a)(2).

U.S. 433, 438, 60 S.Ct. 343, 345, 84 L.Ed. 370 (1939); *In re Victoria Grain Co. of Minn.*, 45 B.R. 2, 6 (Bkrtcy.D.Minn.1984) (citing thirteen cases in accord.). Thus, INA's attempt to cancel Pester's insurance contract is held to be without effect.

Furthermore, the attempted cancellation of the insurance contract violates Section 362(a)(3) which prohibits "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The filing of a bankruptcy petition creates an estate comprised of "all legal and equitable interests of the debtor in property ...". 11 U.S.C. § 541(a). As with the scope of the automatic stay, the definition of "property" for purposes of the Bankruptcy Code is broad. *In re Wegner Farms, Co.* 49 B.R. at 443. The definition includes all kinds of property, including tangible and intangible property. H.Rep. No 595, 95th Cong., 1st Sess; S.Rep. No. 989, 95th Cong., 2d Sess. 82, reprinted in 1978 U.S.CODE CONG. & AD.NEWS pp. 5868, 6326. Contractual rights constitute intangible property which is included within the definition of property of the estate. *In re Wegner Farms, Co.*, 49 B.R. at 443.

In the instant case, there is no question but that the insurance policy is a valid and binding contract between Pester and INA and that the policy is an asset of the bankruptcy estate. *Accord In re J & L Transport, Inc.*, 47 B.R. 51, 52 (Bkrtcy.W.D.Wis. 1985); *In re Cahokia Downs, Inc.*, 5 B.R. 529, 531 (Bkrtcy.S.D.Ill.1980). INA's action to cancel Pester's insurance contract constituted an attempt to exercise control over property of the estate. Such action violated Section 362(a)(3) of the Bankruptcy Code and is, therefore, without effect. 11 U.S.C. § 362(a)(3); *Kalb,* 308 U.S. at 438, 60 S.Ct. at 345; *Victoria Grain,* 45 B.R. at 6.

### III.

Having determined that the attempt to cancel Pester's insurance contract constituted an ineffective effort to terminate an executory contract and a violation of the automatic stay, the court must now determine whether the issuance of a temporary restraining order would be appropriate. *But see In re Landmark Air Fund II,* 19 B.R. 556 (Bkrtcy.E.D.N.Y.1982) (Notwithstanding the inapplicability of the automatic stay, the power remains in the court to issue injunctive relief under 11 U.S.C. § 105). To justify the entrance of a restraining order, the moving party must demonstrate: (1) that irreparable harm will be imposed on the bankruptcy estate if the restraint is not issued; (2) that there is a strong likelihood of success on the merits; (3) that the other parties will be minimally harmed by the restraint; and (4) that the entrance of the order will serve the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981).

Because the court has deemed the September 23, 1985, cancellation notice to be without effect, there is no immediate danger of the instant insurance contract being terminated. Without this danger, the court finds that a restraining order is not needed to protect Pester from irreparable harm. Based on this finding, the court concludes that the entrance of a restraining order is not justified at this time.