**In re DIAMOND & GOLD CONNECTION, INC., Debtor.**

**DIAMOND & GOLD CONNECTION, INC., Plaintiff,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendants.**

**Bankruptcy No. 4–85–00147–G. Adv. No. 4–85–0159.**

United States Bankruptcy Court, D. Massachusetts.

Nov. 27, 1985.

Mary E. Hurley, Springfield, Mass., for debtor.

Bradford R. Martin, Jr., Ryan & White, P.C., Springfield, Mass., for U.S. Fidelity & Guaranty Co.

Joseph B. Collins, Hendel, Collins & Stocks, P.C., Springfield, Mass., for Atty/Creditor's Committee.

## MEMORANDUM AND ORDER

### RE: REQUEST FOR A TEMPORARY RESTRAINING ORDER

PAUL W. GLENNON, Bankruptcy Judge.

This matter comes before the Court on a request by the debtor, Diamond & Gold Connection, Inc. (the "Debtor") for a temporary restraining order. The Debtors have also filed a Complaint against the United States Fidelity & Guaranty Company ("USF & G"). A hearing on the issuance of a temporary restraining order was held on November 26, 1985. USF & G, the Debtor, and the Creditor's Committee were all represented by Counsel at that hearing.

## DISCUSSION

The issue presented by this case is whether the bankruptcy court has the authority to order an insurance company to renew a policy held by a debtor. The Debtor currently has an insurance policy, known as Jeweler's Block Insurance, which covers theft. The policy is due to expire on November 29, 1985. The insurer, USF & G, sent notice to the Debtor on November 5, 1985 of its intention not to renew the policy. The Debtor alleges that USF & G decided not to renew the policy because the Debtor is in a Chapter 11 status and requests that this Court enter an order requiring USF & G to continue the insurance coverage past its termination date.

Debtor's Counsel stated at the hearing on this matter that it was absolutely necessary that the Debtor have this type of insurance. Without it, the Debtor will apparently be forced to close its stores during the Christmas Season, the busiest time of year for the retail jewelry industry. The Debtor may be forced to convert to a Chapter 7. Counsel for the Creditor's Committee stated that, if the Debtor did not have this type of insurance coverage in place, he would be forced to move for conversion.

It is undisputed that the policy now in effect requires USF & G to give the Debtor ten days notice of its intention not to renew. The Debtors, in fact, had over twenty days notice, since the notice was sent on November 5 and the policy does not expire until November 29. The Debtor, despite diligent efforts since receiving the notice of non-renewal, has been unable to obtain re-

placement insurance and estimates that it will take between 60 and 90 days to do so.

■ The Court finds that it is without authority to order USF & G to renew the policy in question, as such an order would "create new contractual rights between it and the debtor where none heretofore existed." *In re Heaven Sent Ltd.*, 37 B.R. 597, 598 (Bankr.E.D.Pa.1984). The Court notes that the result might be different if the question was one of enjoining cancellation of a policy rather than ordering its renewal. *In re Heaven Sent Ltd.*, 37 B.R. at 598.

Debtor's Counsel stated, in oral argument, that she was relying on 11 U.S.C. Sections 105(a)[1] and 525.[2] Section 105(a) gives the bankruptcy court authority to issue orders necessary to carry out the provisions of Title 11 of the United States Code. That section alone does not give the Court authority to issue an order of the type requested here. Section 525 prohibits governmental units or private employees from discriminating against persons solely because such persons have filed for protection in the bankruptcy court. The Debtor has not brought to the Court's attention any case law which would expand this section to such an extent that the Court could order USF & G to enter into a new contract for insurance coverage with the Debtor.

■ Subsequent to the November 26th hearing, Debtor's Counsel brought to the Court's attention the case of *In re Garnas*, 38 B.R. 221 (Bankr.D.N.D.1984). In that case, under circumstances factually similar to the case *sub judice*, the bankruptcy court found that the insurance policies in question in that case were executory contracts and, because the decision to terminate (or not to renew) was based solely on the fact that the debtors had filed for relief under the Bankruptcy Code, the Court ordered that the policies remain in effect. This Court, however, is not persuaded that the policy *sub judice* is an executory contract and finds that it will expire by its own terms on November 29, 1985.

The Court, while sympathetic to the Debtor's concerns about conversion to a Chapter 7 proceeding, is compelled, nevertheless, to deny the Debtor's request for a temporary restraining order.

SO ORDERED.

1. Section 105(a) states:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

2. Section 525 states:

(a) Except as provided in the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a–499s), the Packers and Stockyard Act, 1921 (7 U.S.C. 181–229), and section 1 of the Act entitled "An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes," approved July 12, 1943 (57 Stat. 422; 7 U.S.C. 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—

(1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Acts;

(2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

(3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.