An appropriate Order will enter.

**In re John R. RIVES, Joan K. Rives, Debtors.**

**Bankruptcy No. 5–87–00127(2)12.**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 9, 1988.

Richard W. Jones, Murray, Ky., for debtors.

Douglas A. McCann, Paducah, Ky., for Kentucky Farm Bureau Mut. Ins. Co.

John Ames, Louisville, Ky., Trustee.

### OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter comes before the Court on the debtors' motion for the Court to order Kentucky Farm Bureau Mutual Insurance Company (hereinafter "Farm Bureau") to reinstate insurance coverage on the debtors' real estate. A hearing on the matter was held on February 29, 1988, and the Court having considered the respective positions of the parties, ordered the parties to file simultaneous briefs on the issue.

The facts of the instant case are as follows. On March 12, 1987, the debtors filed a petition for reorganization under Chapter 12 of the Code. Prior thereto, Farm Bureau had issued a farmowner's policy to the debtors which was due to expire on December 10, 1987. In its brief, Farm Bureau states that on November 6, 1987, it mailed to the debtors a notice of non-renewal of the farmowner's policy. The debtors, in their brief, state that Farm Bureau did not mail the notice of non-renewal until November 16, 1987, which was less than thirty (30) days prior to the expiration date of December 10, 1987.

The applicable provisions of the Farm Bureau policy state that the policy is continuous. However, Farm Bureau has the right to refuse to renew the policy upon its expiration date if they give proper notice of non-renewal to the insurer not less than thirty days before the end of the policy period. Since there is insufficient proof in the record to determine when notice of non-renewal was actually given to the debtors, the Court must hold an evidentiary hearing to determine that fact.

■ If the Court finds that notice was properly given to the debtors within the thirty (30) day time period prior to the expiration date of December 10, 1987, then this Court must overrule the debtors' motion to reinstate the insurance coverage based on the fact that this Court does not have the authority to direct Farm Bureau to renew the insurance policy and thereby create new contractual rights between it and the debtors where none heretofore existed. *Heaven Sent, Ltd. v. Commercial Union Insurance Company,* 37 B.R. 597 (Bkrtcy.1984).

■ However, if notice was not properly given to the debtors of non-renewal of the farmowner's policy, then the policy constitutes an executory contract which shall remain in effect until such time as Farm Bureau would give proper notice of non-renewal of the policy. Any action by Farm Bureau to cancel an existing policy clearly violates the automatic stay and the Court would so order the policy reinstated.

NOW, THEREFORE,

IT IS HEREBY ORDERED that an evidentiary hearing be set for August 22, 1988 at 9:45 A.M., in the U.S. Courthouse, Paducah, Kentucky in order to make the factual determination as to when notice was mailed to the debtors for non-renewal of the insurance policy.