## VALLEY FORGE PLAZA ASSOCIATES

v.

## Robert SCHWARTZ, Ind. and t/a The Institute for Advanced Clinical Training.

### Civ. A. No. 89–8042.

United States District Court,
E.D. Pennsylvania.

March 12, 1990.

---

Gary Bressler, Debbie Buchwald, Adelman, Lavine, Gold & Levin, Philadelphia, Pa., for plaintiff Valley Forge Plaza Associates.

Stuart Brown, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for plaintiff Official Committee of Unsecured Creditors.

James O'Neill, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This case comes as an appeal from a final order of the bankruptcy court. This Court has jurisdiction to hear such appeals pursuant to 28 U.S.C. § 158(a). For the reasons stated below, I will affirm the decision of the bankruptcy judge.

### I. *Facts.*

Valley Forge is the owner and operator of a convention center and hotel complex. Robert Schwartz, Psy.D., ("Schwartz") trades as the Institute for Advanced Clinical Training and was a customer of Valley Forge. Schwartz is engaged in the sponsoring of educational seminars.

Prior to the circumstances which give rise to the instant litigation, Schwartz held several meetings at Valley Forge. William Allen ("Allen"), a sales manager for Valley Forge, worked with Schwartz on several functions prior to the scheduled function of July 12–16, 1989, which gave rise to this litigation. Each of these prior meetings involved between twenty and fifty people.

In late 1988, Schwartz expressed interest in holding a seminar at Valley Forge during 1989. This seminar, entitled the "Eastern Conference on Ericksonian Hypnosis and Psychology" ("Conference"), was to be the largest function held by Schwartz at Valley Forge. Schwartz advised Allen that he intended to hold a two and a half day conference for five hundred people.

In December 1988, pursuant to the procedure utilized by Valley Forge, Allen prepared a Multiple Property Booking Report ("Booking Report"). The Booking Report set forth that the Conference would be held between July 12–16, 1989, and would serve as a commitment for guest rooms, meeting rooms, a reception, and a dinner. On or about December 29, 1988, Schwartz signed the Booking Report and returned it to Allen.

Between December 1988 and March 1989, Allen and Schwartz had numerous discussions regarding the Conference. Pursuant to these subsequent discussions, on March 28, 1989 the Booking Report was revised in order to provide additional rooms for guests.

On March 28, 1989, Valley Forge filed for protection under Chapter 11 of the United States Bankruptcy Code. On April 18, 1989, nearly three months prior to the scheduled date of the Conference, Schwartz informed Valley Forge that he was cancelling the conference in accordance with the terms of the Booking Report.

As a result of Schwartz's cancellation of the Booking Report, Valley Forge claims net losses in the amount of $36,291.89 in the form of lost profits from unused hotel rooms and other hotel facilities.

### II. *Disposition by the Bankruptcy Court.*

On an oral motion, the bankruptcy judge granted Schwartz's motion for involuntary dismissal pursuant to Bankruptcy Rule 7041 and Federal Rule of Civil Procedure 41(b). The Bankruptcy court held that the Booking Report executed by the parties allowed for cancellation of the Conference up to seventy-two hours before it was to commence. Since Schwartz cancelled the conference well before the seventy-two hour cut off, the cancellation was valid. The Bankruptcy court further stated that assuming *arguendo* that a contractual violation existed, it did not violate the provisions of the automatic stay of the bankruptcy code.

### III. *Discussion.*

In its role as an appellate court, this Court's review of facts as found by the

bankruptcy court is subject to the "clearly erroneous" standard. *See* Bankruptcy Rule 8013, *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988). This Court's review of legal conclusions is subject to plenary review. *Id.* at 84.

This dispute focuses on the automatic stay provisions of 11 U.S.C. § 362, which provide in pertinent part:

(a) except as provided in Sub-section (b) of this section, a petition filed under Section 301, 302, or 303 of this Title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the Debtor that arose before the commencement of the case under this title;

.      .      .      .      .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate ...

11 U.S.C. § 362(a)(1) and (2).

Valley Forge argues that a valid and binding pre-petition contract existed between the parties. Furthermore, Valley Forge contends that the automatic stay under § 362 prevented termination of the Booking Report by Schwartz. Therefore, Valley Forge maintains that Schwartz's cancellation of the Conference on April 18, 1989 was inoperative. Schwartz, however, argues that no contract ever existed between the parties and that, consequently, there is no violation of the automatic stay provisions of § 362. After careful review, I find that Schwartz's written cancellation on April 18, 1989 constituted a valid cancellation and effectively terminated the agreement.[1] Furthermore, I find that the termination did not violate the automatic stay.

A debtor in bankruptcy has no greater rights or powers under a contract than the debtor would have outside of bankruptcy. *In re Heaven Sent Ltd. v. Commercial Union Ins. Co.*, 37 B.R. 597, 597–598 (Bkrtcy.E.D.Pa.1984); *cf. In re Mason*, 69 B.R. 876 (Bkrtcy.E.D.Pa.1987); *In re Sudler*, 71 B.R. 780 (Bkrtcy.E.D.Pa.1987). The *Heaven Sent* Court further stated that "(N)othing in the code ... enlarges the rights of [the debtor] under contract, or prevents the termination of the contract on its own terms...." *In re Heaven Sent Ltd. v. Commercial Union Ins. Co.*, 37 B.R. 597, 598 (Bkrtcy.E.D.Pa.1984); *quoting White Motor Corp. v. Nashville White Trucks, Inc.*, 5 B.R. 112, 117 (Bkrtcy.M.D. Tenn.1980); *In re Victoria Hardwood Lumber Co., Inc.*, 95 B.R. 947 (Bkrtcy.S.D. Ohio 1988). The ability to terminate a contract on its terms survives bankruptcy. *In re Anne Cara Oil Co., Inc.*, 32 B.R. 643, 645 (Bkrtcy.D.Mass.1983).

Here, there are two areas of contention: the room reservations and the conference facilities. The Booking Report specifically allowed for cancellation of room reservations up to 4:00 p.m. on the date of arrival. The Booking Report states: "In the event a guest must cancel their guaranteed reservation they must do so by notifying the Reservations Department ... no later that 4:00 P.M. on the date of arrival." (Plaintiff's Exhibit # 1 and # 2). Cancellation of use of meeting rooms, meal functions, coffee breaks, additional supplies and audio visuals are governed under the following provision: "Cancellations for meeting rooms, meal functions, coffee breaks, additional supplies, audio visual needs will not be accepted unless cancelled prior to seventy-two hours of the function." (Plaintiff's Exhibit # 1 and # 2). As I noted earlier, Schwartz cancelled the conference nearly three months before its scheduled date. Consequently, Schwartz's cancellation was clearly in accordance with the provisions of the Booking Report. To allow the automatic stay provisions to nullify Schwartz's

---

**1.** Whether a contract existed between the parties does not change the result of this case. Therefore, I will be considering this matter as if a contract existed between Valley Forge and Schwartz.

cancellation would, in effect, give Valley Forge greater rights than the Booking Report contains. This is not permitted.

Valley Forge also contends that the seventy-two hour cancellation was not available for the conference itself. This argument is based on an alleged distinction between cancellation of guest rooms, meeting rooms and banquet facilities as against cancelling the Conference. The Court, however, finds that this argument is without merit. The Conference consisted of meetings, meals, and room accommodations. All of these areas were specifically addressed by the provisions of the Booking Report. I find nothing in the Booking Report which would support Valley Forge's contention that the Conference itself required separate arrangements. Therefore, I find that the cancellation by Schwartz of the rooms, meetings, and meals was a proper cancellation of the entire conference.

Valley Forge in its brief cites *In the Matter of Pester Refining Company*, 58 B.R. 189 (Bkrtcy.S.D.Iowa 1985), for the proposition that cancellation by Schwartz of this alleged contract would violate the automatic stay provisions of § 362. I find Valley Forge's argument on this issue unpersuasive.

*Pester* involved an insurance contract between the Pester Refining Company ("Pester") and the Insurance Company of America ("INA"). Six months after the insurance contract was signed, Pester filed for bankruptcy under Chapter 11. INA then attempted to cancel the policy by use of the cancellation provision within the policy. Pester filed a complaint charging that the INA cancellation was rendered null and void by the automatic stay provisions of § 362(a). The *Pester* Court held that the unilateral cancellation of the insurance policy was barred under § 362. *Id.* at 191. Initially, I note that *Pester* is an Iowa case and therefore does not control in this jurisdiction. In this jurisdiction the clear rule, as stated above, is that the bankruptcy code will not prevent termination of a contract by its own terms. *In re Heaven Sent*, 37 B.R. 597 (Bkrtcy, E.D.Pa.1984). In addition, as Schwartz correctly points out, insurance contracts are unique. A corporation needs insurance to remain viable in order to protect assets holdings of creditors. Here, the same policy consideration is not present.

Accordingly, Valley Forge's appeal from involuntary dismissal shall be denied and the bankruptcy court's decision affirmed.