In re KRYSTAL CADILLAC, OLDSMO-
BILE, GMC TRUCK, INC., Debtor.

KRYSTAL CADILLAC, OLDSMOBILE,
GMC TRUCK, INC., and Lawrence
V. Young, Trustee, Appellants,

v.

GENERAL MOTORS CORPORATION,
Appellees.

Civil Action No. 1:CV–96–1614.

United States District Court,
M.D. Pennsylvania.

Feb. 3, 1997.

William C. Cramer, Chambersburg, PA, for Krystal Cadillac, Oldsmobile, GMC Truck, Inc.

Lawrence V. Young, York, PA, pro se.

James A. Mollica, Jr., Timothy Murray, Mollica and Murray, Pittsburgh, PA, for General Motors Corporation.

### MEMORANDUM

RAMBO, Chief Judge.

Before this court is the appeal of Debtor Krystal Cadillac Oldsmobile GMC, Inc. and Trustee Lawrence Young[1] (collectively "Appellants") of the bankruptcy court's July 26, 1996 order. In that order, the bankruptcy court held that a franchise agreement between Debtor and General Motors ("GM") had been properly terminated and, therefore, did not constitute part of the bankruptcy estate. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158. The parties have briefed the issues and the appeal is ripe for disposition.

### I. Standard of Review

In reviewing the determinations of the bankruptcy court, this court must accept the factual findings of the court below unless they are "clearly erroneous;" conclusions of law, however, will be reviewed *de novo*. *In re Brown*, 951 F.2d 564, 567 (3d Cir.1991). Because only legal issues are involved in the instant appeal, the court will conduct a *de novo* review the bankruptcy court's order.

### II. Background

Debtor was the owner of a GM franchise in Gettysburg, Pennsylvania. On July 13, 1993, GM notified Debtor of its intent to terminate the franchise effective August 12, 1993. Debtor challenged the termination by instituting a proceeding before the Pennsylvania Board of Vehicle Manufacturers, Dealers, and Salespersons ("the Board") on August 11, 1993. On August 2, 1994, the Board held a hearing to review the propriety of the proposed termination. On September 8, 1994, approximately three weeks before the Board rendered a decision, Debtor filed a petition under Chapter 11 of the Bankruptcy Code. On September 27, 1994, the Board entered an order permitting GM to terminate the franchise. Debtor appealed the Board's decision to the Pennsylvania Commonwealth Court which affirmed the Board's decision on November 6, 1995.

On June 15, 1995, Debtor filed with the bankruptcy court a plan of reorganization which provided for the sale of the GM franchise as a means to pay creditors. GM filed an objection to the plan, asserting *inter alia*, that the franchise had been validly terminated in the state proceedings and, therefore, was not an asset of the estate available for sale. GM raised the same objection to an amended reorganization plan filed on October 24, 1995.

On April 15, 1996, the bankruptcy court entered an order holding that the court was precluded from authorizing the sale of the franchise because it had been validly terminated in the state proceedings. On July 26, 1996, the bankruptcy court denied the Debtor and Trustee's joint motion for reconsideration. This is an appeal from the bankruptcy court's July 26 order.

### III. Discussion

Appellants contend that the franchise agreement is an asset of the estate that can be assumed and cured by the Trustee and

---

1. The Debtor and Trustee have each filed briefs in support of this appeal. The arguments pre- sented in the Trustee's brief are identical to those presented in the Debtor's brief.

then ultimately sold to satisfy creditors of the estate. According to Appellants, the termination of the franchise could not be effective until the proper conclusion of the state proceedings and the state proceedings were void because they violated the automatic stay provided by section 362(a) of the Bankruptcy Code. GM argues that the proceedings at the state level were not within the scope of the automatic bankruptcy stay and, therefore, the franchise was properly terminated and excluded from the bankruptcy estate. Thus, the issue on this appeal is the validity of the state proceedings in light of the automatic stay provided by section 362(a) of the Bankruptcy Code.

As an initial matter, the court must clarify the issue of what substantive law applies to this appeal. Appellants argue that this case is controlled by "11 U.S.C. § 362(a)(1)(3)" which, according to Appellants, "expressly stays the continuation of any administrative proceeding to exercise control over property of the bankruptcy estate." (Trustee's Br. at 9; Debtor's Br. at 11.) The flaw in Appellants' argument is that there is no section "362(a)(1)(3)" under Title 11 of the United States Code. Title 11 does include a section 362(a)(1) which stays, *inter alia*, the continuation of administrative proceedings against the debtor. Title II also includes a section 362(a)(3) which stays, *inter alia*, any act to exercise control over the property of the estate. The court will construe Appellants' argument to be two separate arguments; one under section 362(a)(1) and one under section 362(a)(3). After addressing each of these arguments, the court will address miscellaneous remaining issues raised in Appellants' briefs.

## A. Section 362(a)(1)

 One of the protections provided a petitioner in bankruptcy is a "breathing spell" from creditors in the form of a stay of collection efforts. *Maritime Elec. Co. Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991). Section 362 of the Bankruptcy Code provides, in part:

Automatic Stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1) (emphasis added). "Although the scope of the automatic stay is broad, the clear language of section 362(a)(1) indicates that it stays only proceedings *against* a 'debtor'—the term used by the statute itself." *Maritime*, 959 F.2d at 1204 (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982)). "The statute does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." *Id.* Whether a particular proceeding falls within the scope of the automatic stay provision of the code is determined by looking at the proceeding "at its inception;" the dispositive question is whether the debtor instituted the proceeding. *Id.*

The proceeding at issue in the instant case is Debtor's challenge of GM's termination of the franchise before the Board pursuant to Pa.Stat.Ann. tit. 63 § 818.9(c). Since the proceeding before the Board was ongoing at the time Debtor filed its bankruptcy petition, the proceeding could fall within the scope of section 362(a)(1) if it were a proceeding against Debtor.[2] Accordingly, the court must look to the "inception" of the proceeding before the Board and determine if it was originally brought against Debtor.

 Initially, the court notes that Debtor was the party who instituted the proceedings

2. GM argues that even if the proceeding before the Board was an action against Debtor, it would fall outside the scope of the automatic stay because the Board had heard the case and taken it under advisement prior to the filing of the bankruptcy petition. The court need not reach this argument because the court concludes that the proceeding was not an action against Debtor.

before the Board and the proceeding appears on its face to be an action **by** Debtor rather than **against** Debtor. Appellants argue that, because the proceeding before the Board was a defensive action made in response to GM's termination of the franchise agreement, the proceeding was in fact an action against Debtor. The court disagrees.

■ To reach the conclusion Appellants urge would require the court to conclude that GM's termination of the franchise was the "inception" of the proceeding before the Board, a conclusion the court is unwilling to make. Had Debtor not challenged GM's proposed termination of the franchise, the termination would have been effective prior to Debtor's filing of the bankruptcy petition and would not fall within the scope of the stay. Moreover, even if it occurred subsequent to the filing of the bankruptcy petition, GM's termination of the franchise agreement according to its terms would not fall within the scope of section 362. *Valley Forge Plaza Assocs. v. Schwartz*, 114 B.R. 60, 62 (E.D.Pa. 1990). Thus, the termination of the franchise was not the inception of a proceeding that would fall within the scope of the automatic stay.

The inception of the "proceeding" in this case was Debtor's filing of a complaint with the Board. The proceeding before the Board was an action by Debtor against GM to prevent GM from engaging in conduct that was permissible under the Bankruptcy Code. It makes no difference that Debtor was responding to GM's termination of the franchise. Every suit by a Debtor is in some way a response to the conduct of others. Debtor was simply bringing an action to inure to the benefit of what ultimately became the bankruptcy estate. Accordingly, the court concludes that the proceeding before the Board was not within the scope of the section 362 stay. *See Musso v. New York State Higher Educ. Servs. Corp.*, 157 B.R. 932, 939 (Bankr.E.D.N.Y.1993) (holding debtor's post-petition suit in state court challenging creditor's pre-petition conduct was outside scope of automatic stay under section 362(a)(1) as an action by debtor).

**B. Section 362(a)(3)**

Section 362(a)(3) of the Bankruptcy Code provides that the filing of an bankruptcy petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Appellants contend that the proceedings before the Board constituted an impermissible exercise of control over property of the estate. It is not clear from Appellants' briefs whether they contend that it was the Board or GM that improperly attempted to exercise control over estate property. The ambiguity need not be resolved, however, because the court concludes that neither the Board or GM violated the stay provided by section 362(a)(3).

■ As noted by the bankruptcy court, the Board's actions did not constitute an exercise of control over property of the estate because the Board did not order the termination. The final termination occurred by operation of law by virtue of the Board's conclusion that GM properly terminated the franchise agreement.

■ Likewise, GM's participation in the proceedings before the Board did not constitute an impermissible exercise of control over estate property. As previously noted, Debtor commenced the proceeding before the Board. GM's defense of an action instituted by Debtor does not constitute an attempt to "exercise control over the property of the estate" within the meaning of section 362(a)(3). *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C.Cir.1991) (citing *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989)). Thus, GM did not violate the stay imposed by section 362(a)(3) when it participated in the proceeding before the Board.

**C. Miscellaneous Issues**

In their briefs, Appellants raise two additional issues. Both issues warrant only brief attention by the court.

■ First, Appellants present the issue of "whether the debtor's post-petition participation in the state litigation precludes the trustee from proceeding under the cure provision of section 365 of the bankruptcy code

and selling the franchise." (Trustee's Br. at 7; *see also* Debtor's Br. at 13–14). Appellants argue that the prior state litigation does not now preclude the Trustee from attempting to cure the franchise defaults and sell the asset. Underlying Appellants' argument is an assumption that there is an asset to cure and sell. As previously noted, the franchise was properly terminated and does not constitute part of the bankruptcy estate. Thus, there is no asset for the trustee to cure or sell.

Second, Appellants raise on appeal the issue of "whether the General Motors franchise was an asset of the estate at the commencement of the bankruptcy and remains an asset which the trustee may assume, cure, and sell." (Trustee's Br. at 7; *see also* Debtor's Brief at 14–15). Appellants argue that the franchise is assumable by the Trustee and assignable for the benefit of the estate. This argument also rests on the incorrect assumption that there is a valid franchise in existence to assume and assign. Accordingly, this argument provides no basis for reversing the bankruptcy court.

## IV. Conclusion

The court concludes that the proceeding before the Pennsylvania Board of Vehicle Manufacturer, Dealers, and Salespersons did not fall within the scope of the stay provided by section 362 of the Bankruptcy Code. The Board's order permitting GM to terminate the franchise was valid and the termination was effective. The franchise is not asset of the bankruptcy estate. Accordingly, the July 26, 1996 order of the bankruptcy court will be affirmed. An appropriate order will issue.